

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| AGAPE CHRISTIAN FELLOWSHIP OF ARLINGTON, | § § § | CASE NO. 07-40983-dml-11 |
| | § | (Bankruptcy Court Number) |
| Debtor, | § | |
| | § | |
| KRYSTAL JOY BUCHANAN, JOYCELYN LLOYD, ROSITA STERLING, and ALEXUS JONES, | § § § § | |
| Claimants, | § § | NO. 4:07-CV-291-A (District Court Number) |
| v. | § | |
| AGAPE CHRISTIAN FELLOWSHIP OF ARLINGTON, | § § § § | (Consolidated with District Court Cause No. 4:07-CV-401-A) |
| Debtor. | § | |

## AGREED PROTECTIVE ORDER GOVERNING MEDICAL INFORMATION

CAME ON FOR CONSIDERATION the *Debtor's Agreed Motion for Issuance of Protective Order Governing Medical Information* (the "Motion"), filed by Agape Christian Fellowship of Arlington (the "Debtor"), by which the Debtor requests the issuance of a protective order to enable the Debtor to obtain third-party discovery concerning the protected health information of any or all of the following: Krystal Joy Buchanan, Joycelyn (Joy) Lloyd, Rosita Sterling, and Alexus Jones (each, a "Subject Individual").

Having considered the Motion, applicable law, the agreement of the parties reflected by signatures below, and pursuant to the Court's authority under the Health Insurance Portability and Accountability Act, as amended and now in effect ("HIPAA") and under Bankruptcy Rule 9018, the Court hereby **GRANTS** the Motion and enters the following protective order and procedures governing HIPAA protected information:

1. This Order governs the issuance of any discovery process, including by way of subpoena, served or issued by the Debtor on any entity ("<u>Covered Entity</u>") that may be subject to the provisions of HIPAA, and is intended to: (i) protect a Subject Individual's confidential medical records; (ii) permit the Debtor to take discovery concerning the same; and (iii) protect and provide assurances to any Covered Entity that its response to any such discovery complies with HIPAA. This Order is intended to constitute an "an order of a court" within the meaning of 45 C.F.R. § 164.512(e)(1)(i), and to constitute a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v).

2. A Covered Entity that receives discovery process, including by way of subpoena (a "<u>Discovery Request</u>"), from the Debtor bearing the style and number of the District Court proceeding above and requesting any medical information concerning a Subject Individual may provide and disclose to the Debtor, in response to such Discovery Request, any documents and information that it may have that may otherwise be confidential and protected under HIPAA or any similar state or local law or that may constitute Protected Health Information under HIPAA (any and all such protected information, "<u>PHI</u>"), and such Covered Entity's production of the same to the Debtor shall be deemed for all purposes to have been undertaken in compliance with HIPAA and any similar state or local law, and such Covered Entity shall suffer no liability, civil or criminal, on account of the same. Notwithstanding the same, the Covered Entity may object to, or seek to quash, a Discovery Request on any other grounds otherwise available under applicable law.

3. A Covered Entity may produce PHI concerning only one or more of the Subject Individuals.

4. Any PHI shall be provided and produced by the Covered Entity only to Debtor's counsel: Munsch Hardt Kopf & Harr, P.C., attn: Davor Rukavina, 3800 Lincoln Plaza, 500 N.

Akard Street, Dallas, Texas 75201, or to an agent of such counsel referenced in the Discovery Request.

5. The Debtor shall be charged with protecting such PHI and may disclose and/or use the same only: (i) to individuals employed by or assisting the Debtor or its counsel in the preparation for, or at the trial of, this action; (ii) at any deposition of a Subject Individual; and (iii) at the trial of this action. The Debtor, Debtor's counsel, or any person employed by or assisting the same shall not disclose and/or use any PHI in any other manner, or for any other purpose.

6. The Debtor and all of its attorneys, employees, representatives, and agents are prohibited from using or disclosing any PHI for any purpose other than this action.

7. Any document and/or information provided by a Covered Entity to the Debtor and containing PHI shall, at the conclusion of this action, together with any copies thereof, be destroyed by the Debtor and the Debtor's counsel.

8. Nothing contained herein shall alter normal discovery procedures and rules applicable to the Debtor's service of discovery, notice thereof to other parties, and use and admissibility thereof at any proceeding. Nothing contained herein shall constitute a waiver of any privilege or other claim or right of withholding or confidentiality that a Subject Individual may have.

9. The Court shall retain jurisdiction to interpret and enforce this Order.

Dated: Signed 8/15/07

By: _____
HONORABLE JOHN H. MCBRYDE
U.S. DISTRICT COURT JUDGE

**AGREED AS TO FORM AND SUBSTANCE**:

**MUNSCH HARDT KOPF & HARR, P.C.**

By: _____
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    3800 Lincoln Plaza
    500 N. Akard Street
    Dallas, Texas 75201
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

**ATTORNEYS FOR THE DEBTOR-IN-POSSESSION**

**LAW OFFICES OF G. LEE FINLEY, P.C.**

By: _G. Lee Finley, by Davor Rukavina, w/permission_
    G. Lee Finley, Esq.
    Texas Bar No. 24014609
    P.O. Box 1307
    Coppell, Texas 75019
    Telephone: (214) 295-6185
    Facsimile: (214) 257-8925

**ATTORNEYS FOR JOYCELYN LLOYD, ROSITA STERLING, KRYSTAL BUCHANAN, AND ALEXUS JONES**